**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **THE TRAVELERS INDEMNITY** § | | |
| **COMPANY OF AMERICA** § | | |
|    Plaintiff, § | | |
| § | | |
| **v.** § | **CIVIL ACTION NO. _____** | |
| § | | |
| **BITCO NATIONAL INSURANCE** § | | |
| **COMPANY,** § | | |
|    Defendant. § | | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The Travelers Indemnity Company of America ("Travelers") files this Original Complaint against BITCO National Insurance Company ("BITCO").

## I.
## PARTIES

1. Travelers is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located in Hartford, Connecticut. Travelers is an insurer of Cadence McShane Construction Company LLC ("Cadence"). Travelers is appearing in its individual capacity and to the extent that it is or may be subrogated to the rights of Cadence with respect to the claims asserted in this action.

2. On information and belief, Defendant BITCO is a corporation organized and existing under the laws of the State of Iowa with its principal place of business in Davenport, Iowa. BITCO is authorized by the Texas Department of Insurance to conduct business in the State of Texas, and may be served through its registered agent, Mike Sparks, BITCO National Insurance Company, 222 Las Colinas Boulevard West, Suite 650E, Irving, Texas 75039-5423.

## II.
## JURISDICTION & VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367. Complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court also has subject matter jurisdiction over this declaratory judgment action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201.

4.  BITCO is subject to personal jurisdiction because the claims asserted herein arise out of its contacts with the State of Texas or, alternatively, BITCO maintains continuous and systematic contacts with the State of Texas.

5.  Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.

## III.
## FACTUAL BACKGROUND

**A. BITCO has a Duty to Defend Cadence in the Underlying Lawsuit**

   *i.   Cadence and Miller's Subcontract Agreement*

6.  On or about March 19, 2014, Cadence and Miller Builders, LLP ("Miller") executed a Standard Subcontract Agreement ("Subcontract").[1] Under the Subcontract, Miller agreed to provide "Turnkey Concrete" services for a warehouse and distribution facility ("Facility") located in Houston, Texas.

7.  Under the Subcontract, Miller agreed that it was skilled and an expert in its trade. Miller also agreed to be responsible for all field engineering and layout, to furnish and install all subgrade fill material below the slab, to provide all level and grade work, and to provide structural

---

[1] A true and correct copy of the Subcontract is attached as **Exhibit A**.

2

excavation and backfill. Miller's work also included slab on grade ("SOG") depressions, footing, grade beams and column leave outs.

8. Under the Subcontract, Miller warranted that its work at the Facility would be "of good quality, free from faults and defects and in conformance with the Contract Documents." Miller is solely responsible for any damage to the Facility as a result of Miller's defective or nonconforming work. Miller agreed to indemnify Cadence and the Facility's owner to the extent of Miller's negligence or fault.

9. Under the Subcontract, Miller also agreed that if any part of its work depended, "for proper execution or results," upon the work of any other contractor, that prior to proceeding with the work Miller would "inspect same and report in writing to Cadence McShane any apparent discrepancies or defects in such work that render it unsuitable for such proper execution and results." Miller agreed that its failure to do so would constitute an acceptance of the other contractor's work as fit and proper to receive Miller's own work.

10. Under the Subcontract, Miller further agreed to purchase and maintain certain insurance. On information and belief, this included insurance issued by BITCO, defined below as the BITCO Policies. The Subcontract required Miller to name Cadence and the Facility owner, among others, as additional insureds under the BITCO Policies.

11. Miller installed the foundation and/or was substantially responsible for the foundation work at the Facility.

    *ii.*    <u>*The Underlying Lawsuit*</u>

12. On or about December 4, 2018, the Facility's property owner, First Industrial, L.P. ("Owner") sued Cadence in a lawsuit asserting claims arising out of the allegedly defective construction of the foundation at the Facility (the "Underlying Lawsuit").[2]

13. Relevant here, the Underlying Lawsuit alleges that:

    a.    "Cadence McShane substantially completed the project in October 2014."

    b.    "In June 2016 . . . a portion of the facility along the south wall experienced substantial settlement."

    c.    "Beginning in late summer 2017, additional evidence of settlement began to appear."

    d.    "To date, First Industrial's warehouse and distribution [F]acility has experienced significant distress caused by nearly 6 inches of differential slab movement. Additional movement continues to occur."

    e.    "The excessive movement has interfered with . . . business operations and has necessitated numerous repairs to various parts of the structure. Currently, the floor is uneven and sinking and heaving continues. Gaps exist in the panel walls that have been filled and simply re-open from further shifting, damage has occurred to the roof, doors that do not shut because the openings have shifted, etc."

14. The Underlying Lawsuit seeks to hold Cadence liable for, among other things, its representations and warranties that its work on the Facility, including the work of its subcontractors such as Miller, would be performed in a professional, skillful, and competent manner and be free from defective workmanship. The Underlying Lawsuit alleges claims of breach of contract and negligence against Cadence.

---

[2] The Underlying Lawsuit is styled *First Industrial, L.P. vs. Cadence McShane Construction Company, LLC and Gorrondona & Associates, Inc.*; Cause No. 2018-86171; In the 165th Judicial District of Harris County, Texas. A true and correct copy of the Fifth Amended Original Petition is attached as **Exhibit B.** All statements herein regarding the Underlying Lawsuit are made without regard to their truth or falsity, and merely repeat the allegations stated therein. Travelers does not admit, and fully reserves, all rights with regard to the allegations and claims asserted in the Underlying Lawsuit.

    *iii.*    <u>*The BITCO Policies*</u>

15. Upon information and belief, BITCO issued several Commercial Lines Policies (collectively and individually referred to as the "BITCO Policies") to Miller, including the following:

- CLP 3-592-549 effective September 1, 2013 to September 1, 2014;
- CLP 3-608-771 effective September 1, 2014 to September 1, 2015;
- CLP 3-635-729 effective September 1, 2015 to September 1, 2016;
- CLP 3-642-041 effective September 1, 2016 to September 1, 2017;
- CLP 3-657-960 effective September 1, 2017 to September 1, 2018; and
- CLP 2-330-766 effective September 1, 2018 to September 1, 2019.

16. Upon information and belief, the BITCO Policies provide commercial general liability insurance that provides coverage for amounts the insured "is legally obligated to pay as damages because of … property damage" to which the insurance applies. By endorsement, the definition of "insured" includes as an additional insured "any person or organization who is required by written contract to be an additional insured on [the BITCO Policies] for completed operations," to the extent caused by Miller's work performed for Cadence and included in the "products-completed operations hazard."

17. The BITCO Policies are primary to all other insurance.

18. Travelers does not have a copy of the BITCO Policies. Upon information and belief, other terms and provisions in the BITCO Policies may provide coverage to Cadence for the Underlying Lawsuit.

    *iv.*    <u>*BITCO has wrongfully denied Cadence a defense*</u>

19. Based on the allegations in the Underlying Lawsuit and the terms of the BITCO Policies, as understood, BITCO has a duty to defend Cadence in the Underlying Lawsuit.

5

20. BITCO received notice of the Underlying Lawsuit on or before March 8, 2019, including Cadence's claim for coverage under the BITCO Policies.

21. BITCO has repeatedly and wrongfully refused Cadence's and/or Travelers' requests to defend Cadence and honor its contractual obligations.

**B.  Because BITCO Wrongfully Refuses to Defend Cadence, Travelers is Providing Cadence with the Defense Owed by BITCO.**

22. Travelers issued a Custom Insurance Policy to Cadence, No. VTC2H-CO-3660B453-TIA-14, with an effective period of October 1, 2014 to October 1, 2015 ("Travelers Policy").

23. The Travelers Policy also contains an "[o]ther insurance" clause that states "[t]his insurance is excess over . . . any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement."

24. Under the terms of the BITCO Policies and the Travelers Policy, the BITCO Policies provide Cadence with primary-level coverage.

25. Under the terms of the BITCO Policies, the Travelers Policy, and applicable law, BITCO, not Travelers, owes Cadence a defense in the Underlying Lawsuit.

26. Cadence has and continues to incur costs, fees and expenses for its defense in the Underlying Lawsuit that should be paid by BITCO.

27. Because BITCO has wrongfully refused to defend Cadence, and to avoid leaving Cadence without a defense in the Underlying Lawsuit, Travelers is defending Cadence in the Underlying Lawsuit, subject to a complete reservation of rights. Travelers has not voluntarily paid Cadence's costs, fees and expenses for its defense in the Underlying Lawsuit, but Travelers has incurred and continues to incur such costs as a result of BITCO's breach of the BITCO Policies.

28. BITCO has breached the BITCO Policies by failing to defend Cadence in the Underlying Lawsuit, necessitating this coverage action.

## IV.
## CAUSES OF ACTION

**A.   Declaratory Judgment**

29. Travelers incorporates by reference each of the allegations in the foregoing paragraphs as if fully set forth herein.

30. An actual case or controversy exists between Travelers and BITCO regarding Travelers' and BITCO's respective rights and obligations under the BITCO Policies and the Travelers Policy with regard to the Underlying Lawsuit.

31. Travelers seeks a declaration regarding the parties' rights and obligations under one or more of the BITCO Policies with regard to the Underlying Lawsuit. Specifically, Travelers seeks the following non-exhaustive declarations:

   a.   Cadence is an additional insured under the BITCO Policies;

   b.   BITCO has a duty to defend Cadence under the BITCO Policies for the Underlying Lawsuit; and

   c.   BITCO's duties under the BITCO Policies to Cadence are primary to Travelers' duties under the Travelers Policy to Cadence, if any.

**B.   Contribution and/or Subrogation**

32. Travelers incorporates by reference each of the allegations in the foregoing paragraphs as if fully set forth herein.

33. BITCO owes Cadence a full and complete duty to defend with regard to the Underlying Lawsuit under the BITCO Polices, but BITCO has wrongfully refused to defend Cadence.

34. Because BITCO has wrongfully refused to defend Cadence, Travelers has defended and continues to defend Cadence in the Underlying Lawsuit under the Travelers Policy. As such, Travelers has paid and continues to pay for Cadence's defense, including paying attorneys' fees, costs and expenses associated with the Underlying Lawsuit, that should be paid by BITCO, not Travelers.

35. Travelers' defense of Cadence has not been voluntary.

36. Travelers is entitled to contribution (equitable and/or contractual) and/or subrogation (equitable and/or contractual) for all amounts Travelers has or will incur in defending Cadence in the Underlying Lawsuit.

## V.
## ATTORNEY'S FEES

37. Travelers is entitled to, and hereby seeks, to recover its reasonable and necessary attorneys' fees to the fullest extent allowed by law.

## VI.
## CONDITIONS PRECEDENT

38. All conditions precedent to Cadence's rights to recover under any of the BITCO Policies have occurred, have been fully performed, or have been waived by BITCO.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Travelers respectfully prays that the Court:

i. Declare the parties' rights and obligations under the BITCO Policies including, without limitation, the following declarations:

   a. Cadence is an additional insured under one or more of the BITCO Policies;

   b. BITCO has a duty to defend Cadence under one or more of the BITCO Policies for the Underlying Lawsuit; and

   c. BITCO's duties under the BITCO Policies to Cadence are primary to Travelers' duties under the Travelers Policy to Cadence, if any;

ii. Enter judgment in favor of Travelers against BITCO for its damages, including without limitation, any and all defense costs paid on behalf of Cadence relating to the Underlying Lawsuit;

iii. Award all attorneys' fees, costs of court, pre- and post-judgment interest; and

iv. Award any and all other relief in law and in equity to which Travelers may be entitled.

>Respectfully submitted,
>
>*/s/ Courtney Ervin*
>Courtney Ervin
>Texas Bar No. 24050571
>SDTX Bar No. 611093
>cervin@hicks-thomas.com
>D. Ryan Cordell, Jr.
>Texas Bar No. 24109754
>SDTX Bar No. 3455818
>rcordell@hicks-thomas.com
>HICKS THOMAS LLP
>700 Louisiana Street, Suite 2300
>Houston, Texas 77002
>(713) 547-9100
>(713) 547-9150 (Fax)
>
>**ATTORNEYS FOR THE TRAVELERS INDEMNITY COMPANY OF AMERICA**